UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRANDON JANTRELL GLOVER** | **CIVIL ACTION NO. 07-1251-P** |
| **VERSUS** | **JUDGE WALTER** |
| **CITY OF SHREVEPORT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Brandon Jantrell Glover ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on July 24, 2007. Plaintiff is currently detained in Marksville, Louisiana, but he claims his civil rights were violated while detained at the Shreveport City Jail in Shreveport, Louisiana. He names the City of Shreveport and the Shreveport City Jail Administration as defendants.

Plaintiff claims that from the date of his arrest on January 6, 2007 until January 10, 2007, he was denied the right to a hearing within 72 hours of his arrest as required by La. C.Cr.P. art. 230.1. He also claims he was not allowed to contact his family and/or attorney during this time. He claims that as a result, he was unable to post bond.

Accordingly, Plaintiff seeks an injunction and/or monetary damages and any other relief which is proper.

For the reasons given below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

**Louisiana Code of Criminal Procedure 230.1**

Plaintiff claims he was arrested on Saturday, January 6, 2007. He claims he did not appear before the judge until the morning of Tuesday, January 10, 2007.

Article 230.1 of the Louisiana Code of Criminal Procedure provides:

A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. **Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein.** The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.

B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.

C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.

> D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant. (emphasis added).

Thus, Plaintiff could not be confined without a hearing before a judge for a period longer than 72 hours. However, the statute expressly excludes Saturdays and Sundays from the computation of this 72- hour time period.

Plaintiff was arrested on Saturday and his hearing occurred on Tuesday morning. Since the Saturday and Sunday are not counted under the express language of La. C.Cr.P. art. 230.1, he was not confined without a hearing before the judge for a period beyond the 72 hours allowed by law. Accordingly, Plaintiff is not entitled to relief as to this claim.

**Louisiana Code of Criminal Procedure 230**

Plaintiff claims that from January 6, 2007 until January 9, 2007, he was denied the right to phone his attorney and/or family and inform them of his arrest. He claims that as a result of this denial, he was unable to post bond.

Article 230 of the Louisiana Code of Criminal Procedure provides that "[t]he person arrested has, from the moment of his arrest, a right to procure and confer with counsel and to use a telephone or send a messenger for the purpose of communicating with his friends or with counsel."

Plaintiff claims he was denied his right to use the telephone. The only harm Plaintiff alleges is that he was unable to post bond. The Court notes that Plaintiff is still in custody and has therefore been unable to post bond for more than one year. Thus,

Plaintiff has failed to allege any harm as a result of his alleged denial. Accordingly, Plaintiff is not entitled to relief as to this claim.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(d); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(d).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 3rd day March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE